HOLLEY v. BURGESS.

1. An accusation that one "was whipped for stealing hogs," imports a larceny. It is an accusation of hog stealing, with the addition that the party had been whipped for it.
2. After an effort has been made to assail the general reputation of a plaintiff in slander, he may prove his good character.

Error to the Circuit Court of Talladega.

TRESPASS on the case, for standerous words by the defendant against the plaintiff in error.

The declaration in the usual form, charges the defendant with saying that the plaintiff "was whipped for stealing hogs." The defendant pleaded not guilty.

Holley v. Burgess.

From a bill of exceptions, it appears, that the plaintiff and defendant lived in the same neighborhood. The defendant offered to prove by several witnesses, that before and about the time of uttering the slander charged in the declaration, they had heard a report, and rumor, in different parts of the county, that the plaintiff had been whipped for stealing hogs, but they could not state that it was general at any particular place, or neighborhood. The court, on motion of the plaintiff, rejected the proof.

The defendant then offered to prove, that a short time before the words were spoken by him, another person, on the public square, in Talladega, stated, in the presence of six or eight persons, whilst the court was in session, that plaintiff had been whipped for hog stealing, but it was not shown that defendant was present or heard it. This was also rejected.

The defendant proved by a witness, that in a neighborhood in Cherokee county, where plaintiff had formerly resided, he was acquainted with the public sentiment, and that it was generally suspected and reported there, that plaintiff had been guilty of hog stealing. The plaintiff thereupon offered proof, that both before and at the time of the uttering of the slander, he had sustained a good character for honesty, the witnesses having stated that they knew his general character. Defendant objected to this proof, but the objection was overruled.

The defendant asked the court to charge the jury, that the words in the declaration, "John Burgess, (meaning said plaintiff,) was whipped for stealing hogs," if proved as charged, would not sustain the action; that they did not import a charge of a crime; which the court refused, and charged the jury, if these words were proved, and the inuendoes, then the plaintiff had made out his case, provided it was shown, that the words were spoken with malice.

These matters are all assigned as errror.

WHITE and RICE, for plaintiff in error. The charge in the declaration does not import a crime. The meaning is, that the plaintiff had been whipped on an accusation of stealing

hogs. It cannot be inferred from the language employed, that the defendant meant to charge, that the plaintiff had been whipped by the sentence of a court for stealing hogs. It is nothing more than a statement, that he had been lynched on a charge of hog stealing.

W. P. CHILTON and PORTER, contra.   In charging the party with being whipped for stealing hogs, the plaintiff not only charged a larceny, but the disgrace of being whipped for it, which was certainly actionable.   They cited 2 Porter, 213; 8 Id. 486.]

ORMOND, J.—The words laid in the declaration, are clearly a charge of stealing hogs, and this accusation is certainly not softened, or modified, by the addition, that the party had been whipped for it.   This being a larceny, the words are in themselves actionable.   The interpretation put upon these words by the counsel for the plaintiff in error, that they do not import a charge of hog stealing, but were merely intended as the statement of a fact, that the defendant in error had been whipped upon a suspicion, or accusation, of hog stealing, cannot be sustained.   If such had been the intention, different language would have been employed.   And if, in truth, in speaking the words, he had reference to an illegal act of this kind, he evidently intended to indorse the accusation.

As to the vague rumors stated by some of the witnesses, if admissible at all, could only be received in mitigation of damages, which does not appear to have been the purpose for which they were introduced.   [See Bradley v. Gibson, at the present term.]

There was certainly no objection to proof of the good character of the plaintiff, after the effort had been made to assail his general reputation by testimony.

Let the judgment be affirmed.