71    267
134   ² 45

### JENNIE BELL v. JAMES W. FERNALD.

*Libel and slander—Charge of larceny—Malice.*

1. Words charging another with the crime of larceny are actionable, and if used without warrant the law presumes malice.
2. Malice, in a legal sense, means a wrongful act done intentionally, and without just cause or excuse.

Error to Wayne. (Reilly, J.)   Argued June 21 and 22, 1888.   Decided July 11, 1888.

Slander suit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Edwin F. Conely (Sumner Collins, of counsel), for appellant, contended:*

1. That defendant, having missed articles from his laundry, where plaintiff worked, and having been informed that she had taken them, charged her with the taking, and by agreement with her went for the alleged stolen goods, and there stated the facts, with her consent, all being done without undue publicity, and without malice; and under these circumstances the words used were privileged, and the instruction that the law presumed malice from their use, if without warrant, was error.

*Charles W. Casgrain,* for plaintiff, contended for the rules stated in the opinion.

SHERWOOD, C. J. This is an action to recover for alleged slander. The defendant is proprietor of a laun-

dry in the city of Detroit. The plaintiff is a young woman who had been in the employment of the defendant at his laundry up to the time the slanderous words are alleged to have been spoken, about 18 months. The words charged in the declaration as slanderous were spoken of the plaintiff on September 21, 1886, and are as follows:

"For some months back I have missed things from my laundry,—gentlemen's wear. Jennie has stolen them out of my laundry, and I have come to search your house."

It is alleged that the defendant used this language of and concerning the plaintiff to Mr. and Mrs. Labadie, with whom the plaintiff at the time boarded. The plaintiff claims the charge made was false; that the uttering of the same, under the circumstances, in the language used, was scandalous, malicious, and defamatory; and that she has been injured thereby,—laying her damages at the sum of $5,000.

The defendant pleaded the general issue, and gave notice that on the trial of the cause he would show that what he had charged against plaintiff was true.

The cause was tried in the Wayne circuit court before Judge Reilly by jury, and a recovery was had by plaintiff of the sum of $250.

The defendant brings error, and assigns the following upon which he relies for reversal:

"1. The court refused to instruct the jury that, 'under the pleadings and evidence in the cause, the plaintiff was not entitled to recover.'

"2. The court refused to instruct the jury that 'the use of the language charged in the declaration, under the circumstances detailed in the evidence, was privileged.'

"3. The court instructed the jury as follows: 'The words in the declaration are actionable in themselves, so that it does not require anything but evidence of the use of those words to entitle the plaintiff to recover. The

law presumes malice from the use of words of this kind, if used without warrant.'"

The case, upon its facts, was clearly one for the jury, and the court committed no error in so holding. The defendant not only re-asserted the statements charged as true in his notice, but in giving his testimony in the case substantially admits that he made the alleged libelous statements charged in the declaration. There is no doubt but the words charged were actionable. Whether they were or not privileged, depended on what the jury should find the facts to be. The facts, we think, were submitted to the jury under a proper charge upon that point; and the second error assigned is therefore without merit.

The remaining error assigned relates to the charge as given. As we have already said, the words use are actionable. 5 Wait's Act. & Def. 736; *Gaul v. Fleming,* 10 Ind. 263; *Coleman v. Playsted,* 36 Barb. 26; *Holley v. Burgess,* 9 Ala. 728.

The words used imputed to the plaintiff the commission of a crime, for which, if she was convicted, she could be imprisoned. Malice, in a legal sense, means a wrongful act done intentionally, and without just cause or excuse. *Edwards v. Chandler,* 14 Mich. 471; Odger, Sland. & Lib. 181; *Carson v. Edgeworth,* 43 Mich. 241 (5 N. W. Rep. 282). There was testimony in the case tending to prove this, and the jury have found it existed; and that finding we are not allowed to review upon this record, whether correct or not, or whatever may be our opinion in the matter.

We find no error in the record, and the judgment must be affirmed.

The other Justices concurred.