### RABIOR *v.* KELLEY.

1. EVIDENCE—PRIVILEGE—COMPLAINT AS EVIDENCE—MALICE.

   As evidence of malice, proof that defendant caused the
   arrest of plaintiff, who brought an action for slander, prior
   to which the arrest had occurred, was not erroneous or
   harmful, and the trial court did not err in the slander
   case in admitting the complaint, warrant and testimony
   of the justice of the peace who issued them; nor was it
   erroneous to receive proof of another cause involving a
   charge of illegal sales of liquor brought by defendant,
   where the attorneys stipulated that during argument of
   counsel the court ruled that the complaints were not to
   be considered as evidence of malice and that counsel
   should  not again refer to them.

2. APPEAL AND ERROR—AMENDMENT OF RECORD—INSTRUCTIONS.

   The record on appeal, being duly certified by the trial
   court and by the clerk, cannot be amended by the stipu-
   lation of counsel, and, if attempted, will not be treated
   by the court as corrected.

3. EVIDENCE—DAMAGES—LOSS OF REPUTATION.

   Where plaintiff's wife appeared as a witness for him and,
   on cross-examination, after testifying that she had never
   seen her husband drunk, was asked whether he had been
   an habitual drunkard two years previously, the court did
   not improperly refuse to admit the answer.

4. SAME.

   Evidence of prior dealings of the parties, their acts, state-

ments in regard to each other and, generally, evidence showing the state of their feelings, is admissible as tending to prove motive in making the defamatory or slanderous statements.

5. SAME—TRIAL—INSTRUCTION.

Where it was alleged that defendant had said plaintiff committed the offense of arson, an instruction which restricted the jury to considering whether defendant uttered the language in good faith, with reason to believe it was true, was a correct basis and sufficiently covered the question of malice without other explanation.

6. SAME—KNOWLEDGE—MOTIVE.

And it was proper to allow defendant to be cross-examined as to whether he knew that a man he had brought to defendant's place had complained against the latter for violation of the liquor law, as evidence of prior dealings has a tendency to show motive in uttering a slander.

7. SAME—CHARGE—SLANDER.

The court was not in error, also, in instructing the jury that if they found defendant guilty of slander they must award plaintiff his actual damages, that malice might increase the actual damages recoverable, and if at the time he filed notice of justification defendant had no reasonable hope or expectation of proving its truth, they might consider it as evidence tending to show malice; but it might be considered in connection with other facts established. See 3 Comp. Laws 1915, § 12755. And it was not the same as telling the jury they might consider the notice as evidence of malice.

8. SAME—DAMAGES—MALICE.

*Held,* also, that a verdict of $400 for damages for injured feelings and an added sum of $100 for malice should be decreased by the latter sum, the evidence being insufficient to prove actual malice in uttering the slanderous words or in pleading justification, and that it should be correspondingly reduced.

Error to Bay; Collins, J. Submitted October 5, 1916. (Docket No. 41.) Decided December 21, 1916.

Case by John Rabior against Charles A. Kelley for

slander.  Judgment for plaintiff.  Defendant brings error.  Reversed, conditionally.

*Gilbert W. Hand* and *Lee E. Joslyn*, for appellant.

*William A. Collins*, for appellee.

The alleged slanderous words and innuendoes are:

"Rabior (meaning the plaintiff) burned my cottage up (meaning that the plaintiff had set fire to the cottage of the said defendant and said Elizabeth Kelley and had committed the crime of arson in so doing)."

The consequences of the slander alleged are injury to plaintiff's good name, fame and credit, public scandal, infamy, and disgrace among neighbors and citizens.  Defendant with his plea gave notice that if he spoke the words he would prove that plaintiff had been guilty of the facts and acts charged and imputed to him by them.  Upon the trial the jury returned the following verdict, which was, over objection, accepted:

"We find for the plaintiff as follows:  For injured feelings, $400; for malice, $100."

A judgment for $500 was entered.  A new trial was asked for and refused.

That the slanderous words were uttered by defendant, concerning plaintiff, is not denied.  The significance of errors assigned and relied upon can be understood only after some relation of what the testimony tended to prove.  It tended to prove that during the evening of February 25, 1915, two cottages known as the Kelley cottages and another cottage were destroyed by fire.  They were summer cottages at Aplin Beach, a resort near Bay City, closed for the winter.  Plaintiff conducted a store, hotel, and saloon at Aplin Beach for several years; the burned cottages being about 1,000 feet from the hotel.  There was ill feeling be-

tween plaintiff and defendant. Three times plaintiff had pleaded guilty to charges of violating the liquor law, made by defendant, and had each time been punished, and upon such a plea entered to such a complaint January 5, 1915, plaintiff had been sentenced January 12, 1915, to serve, and did serve, 21 days in the Bay county jail.

An investigation followed the burning of the cottages, in which an assistant State fire marshal took some part, a complaint was made charging plaintiff with having burned them, which complaint was made by defendant, upon the request, or advice, of the examining officers. After some further investigation, the proceeding was dismissed. Other testimony tended to prove that defendant had threatened to put plaintiff out of business, and that plaintiff, a few days before the fire occurred and after his release from jail, sought aid to do some injury to defendant or his property.

1. Plaintiff offered in evidence the complaint and warrant in the arson case, the justice of the peace before whom the proceeding was instituted being the witness. Two objections were entered, one that defendant was not the cause of the complaint being made and was not responsible for it, the other that there was an absolute privilege in making it. The reply to these objections was that the documents were offered to prove malice. The ruling was that the examination of the witness be concluded, the documents left in court, and the question brought up later. The record does not show that the documents were received in evidence beyond this that without further objection the complaint was later on read to the jury. Defendant requested the court to charge (thirteenth request) that the jury could not consider, in considering whether malice had been proven, the complaints made by defendant against plaintiff for violating the

liquor law (which, over objection and exception, had been received in evidence) or the complaint made by him in charging arson, and in the motion for a new trial complained that the jury had not so been instructed. To the several rulings exceptions were taken.

2. Plaintiff's wife was a witness in his behalf. On cross-examination she testified that she had never seen her husband drunk. She was asked: "Wasn't he two years ago an habitual drunkard?" and the answer was, on objection of plaintiff, excluded. The jury having been excused, defendant's attorney offered to prove that in May, 1913, the witness filed her bill for a divorce from her husband, the plaintiff, in which bill she portrayed her husband as addicted to the excessive use of liquor and, inferentially, to other bad habits, and with conduct indicating a debased man, the argument made being that his feelings were not likely to suffer, materially, if he was unjustly charged with having fired the house of another. The testimony was excluded.

3. In cross-examining defendant, it appeared that he took a man connected with a league to enforce the liquor laws to plaintiff's place of business in December, 1914. The question objected to was:

"You know that Mr. Rutledge, because of what he found there in the store building that day, made three complaints in violation of the liquor law against Rabior and John Danks?" (Danks was bartender.)

The answer was:

"I knew he made complaints; I didn't know how many or anything about it."

It appeared that defendant had quietly advised another saloon keeper of the presence of Rutledge in the vicinity.

4. Defendant's twelfth request to charge was:

"I charge you as a matter of law that malice means

the doing of an act or the secreting of some facts or circumstances which ought to be disclosed, and from which it can be reasonably determined that the acts and conduct were not in good faith."

It is assigned as error that neither this nor any other proper definition of malice was given to the jury. The thirteenth request has already been referred to.

5. The court instructed the jury:

"If the jury believe from the evidence and from the facts and circumstances proved on the trial that when the plaintiff filed his plea of justification he had no reasonable hope or expectation of proving the truth of it—and by a plea of justification is that plea in which he plead that the plaintiff was guilty of the burning of the cottages—then if the jury believes from the evidence that the defendant is guilty of slander, in the declaration, they may, in fixing the amount of plaintiff's damages, regard the filing of the plea as evidence tending to show malice, and as evidence of such malice as justifies them in increasing the damages, if any, they allow the plaintiff, limiting the damages at all times however to the actual damages."

This is assigned as error.

6. It is said the verdict ought not to have been received and that, in any event, the judgment ought to be reduced $100.

7. Error is assigned upon the refusal to grant a new trial, it being contended that the verdict is against the great weight of evidence. These are the allegations of error to be considered.

OSTRANDER, J. (after stating the facts). 1. The complaints in the criminal cases as evidence of malice. The court did not refer to them in the charge. As has been pointed out, defendant preferred a request to charge upon the subject, and he has argued at length the question of their prejudicial effect as evidence. But it also appears that the attorneys for the

respective parties filed in this court a stipulation to the effect that certain matter has been inadvertently omitted from the bill of exceptions, reciting the matter so omitted. From this recital it appears that during the argument of counsel to the jury the court said:

"Gentlemen of the jury, in respect to those three complaints for the prosecutions under the liquor law, the three complaints that Mr. Kelley made and to which the defendant pleaded guilty, as to those complaints I hold that the fact that Mr. Kelley prosecuted those three suits is not to be considered as evidence of malice on Mr. Kelley's part, and it won't be necessary to refer to it again, and counsel will be governed by what I say."

Later the court again, in substance and effect, restated this ruling.

It has been repeatedly held that the record on appeal to this court is the matter duly certified, and that it cannot be amended by stipulation of counsel. This rule is adhered to. But here the complaint which appellant makes to this court is fairly answered by the admission of his counsel in the stipulation filed in this court. He admits that the jury was instructed as he contends they should have been instructed, not, it is true, in the course of the general charge, but before the general charge was delivered and in the course of an argument in which the effect of the complaints as evidence of malice was being presented by counsel to the jury.

The admission of counsel may be considered as answering the argument he makes and as accounting for the refusal, or failure, of the court to charge the jury as requested—to repeat an instruction already given and at a time when it was likely to be best understood by the jury. This does not, however, precisely answer the objection that the complaint for arson, made by defendant, was in the case and had

194—Mich.—8.

been read to the jury and was offered for the purpose of proving malice. Standing alone, the fact that defendant signed and verified that complaint, under the circumstances attending the making of it, in view of the official investigation which preceded it, was not evidence of defendant's malice. But this act of defendant does not stand alone. It is one of a series of acts, all of which, as well as all relations of the parties disclosed by the evidence, the jury had the right to consider. It was not reversible error to refuse the request to charge as it was drawn nor to refuse to instruct that the jury should not consider the intent of defendant in the criminal prosecution for arson.

2. It was not error to refuse the answer to the question asked of plaintiff's wife nor to refuse the offer of proof made by defendant's counsel, especially in view of the fact that the jury found no damages for loss of, or injury to, the plaintiff's reputation. The testimony was offered as affecting the credibility of the witness who had been produced by plaintiff and had testified in substance that in the year 1913 she had heard defendant and her husband in a wordy quarrel in which defendant said he would put her husband out of business in a year; that after the fire her husband heard what defendant was saying about him, "didn't act very good, never talked very much, and didn't want to go anywhere any more; didn't want to talk much."

It will not be assumed because the wife of plaintiff two years before the trial regarded her husband as a drunkard and a bad man generally in his domestic relations that his feelings might not be affected by the untruthful charge that he was guilty of arson. The court offered to counsel permission to introduce evidence to meet that of the witness—to show that his feelings were not affected, as she had testified they were—and to show plaintiff's general reputation and

character. The whole subject was one to be controlled by the exercise of a sound judicial discretion, and I think it was not abused.

3. There was some testimony tending to prove that defendant had a private, personal, ill feeling towards the plaintiff, and that upon the occasion when Rutledge was at the Beach was not actuated entirely by a desire to have the law enforced. Evidence of prior dealings of the parties, their acts and statements in regard to each other, and, generally, evidence showing the state of their feelings, is admissible as tending to prove motive in making a defamatory statement. This is the general rule, and answers the objection made by defendant.

4. Rather favorable to defendant were the statements made by the court upon the subject of malice. This court has used with approval the definition:

"Malice, in a legal sense, means a wrongful act done intentionally, and without just cause or excuse." *Zimmerman* v. *Whiteley*, 134 Mich. 39, 45 (95 N. W. 989, 991).

See, also, *Bell* v. *Fernald*, 71 Mich. 267 (38 N. W. 910); *Highway Com'rs of Eagle Township* v. *Ely*, 54 Mich. 173 (19 N. W. 940); *Long* v. *Tribune Printing Co.*, 107 Mich. 207 (65 N. W. 108).

The Century Dictionary defines malice as:

"The evil intention, either actual or implied, with which one deliberately and without justification or excuse does a wrongful act which is injurious to others."

In the case at bar, the court restricted the jury to the consideration of the proposition whether defendant uttered the words in good faith with good reason to believe them to be true at the time he uttered them. It was not in form a definition, but was the statement of the test to be applied by the jury, and it was a statement of a fair test in the particular case.

5. It is said the instruction complained of is substantially identical with one condemned in *Jastrzembski* v. *Marxhausen,* 120 Mich. 677, 682 (79 N. W. 935). A comparison will show that the instructions are radically different. Notice of justification, though not maintained by the evidence, is not, of itself, proof of the malice charged in the declaration. 3 Comp. Laws, § 10415 (3 Comp. Laws 1915, § 12755). This statute—

"did not take away the right of the jury to consider whether an unsustained notice of justification might not be evidence tending to show malice, when taken in connection with the other facts established." *Jastrzembski* v. *Marxhausen, supra.*

In the instant case the court advised the jury that if they found defendant guilty of slander they must award plaintiff his actual damages, that malice of defendant might increase, augment, the actual damages recoverable, that if when he filed the notice of justification defendant had no reasonable hope or expectation of proving the truth of it they might consider that as evidence tending to show malice. Clearly this was not telling the jury that they might consider the unsustained notice as evidence of malice. And what reasonable excuse can be given for thus reiterating a charge of crime with no reasonable hope or expectation of proving the truth of the charge? Mere belief no more excuses the reiteration than it does the original uttering of the slanderous words.

6. Actual damages for injury to feelings includes, of course, and under the instructions given in this case included, damages augmented, or not augmented, as the case might be, by the malice of the slanderer. The jury was instructed to report, separately, damages given for injury to reputation and those for injury to feelings. The jury found no injury to plaintiff's reputation, for injured feelings they assessed the damages

at $400, for malice they added $100. The trial court was of opinion that this was a verdict for $500 for injured feelings, and therefore added the sums reported by the jury and entered judgment accordingly. There can be no doubt that where the intention of the jury is ascertainable the court may amend the verdict, correcting manifest errors of form, and sometimes matters of substance, to make it conform to the intention of the jury. Is the intention of the jury ascertainable? In my opinion it is. The jury found the actual damages, not augmented by malice, to be $400, and they found they should have been augmented on account of defendant's malice in the sum of $100. Assuming there was sufficient evidence of malice, it was proper to treat the verdict as assessing plaintiff's damages at the sum of $500.

7. I am not convinced that the verdict for damages not augmented by malice ought to have been set aside as opposed to the weight of evidence. But the evidence is insufficient to prove any actual malice of defendant in uttering the slanderous words or in pleading justification. The testimony need not be here repeated. It cannot be read without inducing the belief that defendant had cause for much more than mere suspicion that plaintiff destroyed his property or caused it to be destroyed, and that a jury required to find the fact by a preponderance of evidence might so determine. It depended largely upon which of the witnesses the jury believed. Believing one set of witnesses, the inference justifying defendant is very strong.

The judgment will be reversed, unless plaintiff elects to remit $100, with costs to appellant. The said sum being remitted, it will be affirmed, without costs to either party.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.