CIPRIANO v. MERCANTILE INS. CO. OF AMERICA.

1. INSURANCE—FIRE LOSS—INCENDIARISM—CIRCUMSTANTIAL EVIDENCE—QUESTION FOR JURY.

In action of assumpsit against insurer for amount of fire loss to furniture, circumstantial evidence *held*, sufficient to present question for jury's consideration of whether plaintiff set the fire or caused it to be set.

2. SAME—INCENDIARISM—REQUESTED INSTRUCTIONS.

In action of assumpsit under fire insurance policy where defense was interposed that plaintiff set or caused the fire to be set, requested instruction that circumstantial evidence could not sustain defense unless consistent therewith and inconsistent with any other rational explanation *held*, properly refused, it being only necessary that evidence be of such a character as to produce moral certainty, in an open and fair mind, supporting defendant's claim and excluding any other reasonable theory.

3. SAME—INCENDIARY FIRES—CIRCUMSTANTIAL EVIDENCE AS TO PLAINTIFF'S CONNECTION.

Circumstantial evidence as to plaintiff's connection with incendiary fire which damaged his furniture *held*, sufficient to warrant the drawing of a reasonable inference that if he did not set the fire he was an accessory before the fact.

4. SAME—INCENDIARY FIRES—INSTRUCTIONS.

Instruction in action under an insurance policy for fire loss claimed to be incendiary at the hands of plaintiff that opportunity, plus motive, was the test by which the jury would determine the question as to circumstantial evidence, when considered with the context, *held*, not reversible error.

5. SAME—INCENDIARY FIRES—GREAT WEIGHT OF EVIDENCE.

Verdict and judgment for insurer in insured's action for fire loss claimed to have been set or caused to be set by plaintiff *held*, not contrary to the great weight of the evidence and plaintiff's contention that fire was set by an enemy rebutted by disclosed facts and circumstances.

Appeal from Wayne; Campbell (Allan), J. Submitted April 5, 1938. (Docket No. 11, Calendar No. 39,856.) Decided June 6, 1938.

Assumpsit by Sam Cipriano against Mercantile Insurance Company of America, a foreign corporation, to recover loss under a fire insurance policy. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Sidney Sherman* (*Levin, Levin & Dill,* of counsel), for plaintiff.

*Walters & Head,* for defendant.

WIEST, C. J. This suit against defendant insurer was brought by the insured to recover $806.50, claimed loss and damage to his furniture by fire. Defendant, by special notice under its answer, alleged that plaintiff set or caused the fire to be set.

Trial was by jury, with verdict and judgment for defendant. Plaintiff reviews by appeal and claims error in the refusal of the court to direct a verdict in his favor; in refusing to give requested instructions; in the instructions given; in denying a new trial, and also contends that the verdict was against the great weight of the evidence.

The affirmative defense of arson by or in behalf of plaintiff was based on circumstantial evidence.

Plaintiff was purchasing a house in the city of Detroit, under land contract, and held defendant's policy of insurance thereon for $10,000, which far exceeded the value of his contract interest. His family was in Europe and he rented the house to a Mrs. Clark, with reservation of a room which he occupied. He had his furniture insured for $5,000 by defendant company. Saturday afternoon, January 5, 1935, plaintiff and Mrs. Clark locked the house and, accompanied by Mrs. Clark's two boarders, went by automobile to visit and stay Sunday with a friend of Mrs. Clark at Pigeon, about 100 miles from Detroit. At 1 o'clock Sunday morning the neighbor next to plaintiff's house heard a car drive into plaintiff's driveway, and heard the voices of a man and a woman. About five minutes later she heard an explosion in plaintiff's house and the crash of glass and saw a flash of light. She at once looked across to plaintiff's house and heard a puff like explosion in the basement. She saw a dull red glare in the basement, the dining room in flames and the curtains and shades on fire. She immediately telephoned to the fire department which arrived in about two minutes. The firemen found a basement window had been blown out. They put out the fire in the basement, in the ceiling and rubbish on the floor. They found nothing in the furnace, no coal

in the bin, just rubbish, papers and refuse, but did find rags and papers in the clothes chute. From the basement the firemen went to the first floor and found there had been a flash fire up there. There was a charred dish pan under the gas stove, a wash boiler with 4 or 5 inches of gasoline in it and in the pantry, next to the kitchen, an 8- or 10-gallon stone crock containing about 6 gallons of gasoline. There was a small amount of fire in the overstuffed furniture. There was something on the floor that caused it to be slippery and caused the firemen to slide around, and the stuff on the floor was also on the second floor where there was no fire.

The firemen found the house locked. In the dining room the firemen found a carpet on the floor saturated with gasoline and on the pantry window, facing south, a rag carpet was stretched across the window to meet the curtain and completely obstructed the window light. The basement windows were covered with window blinds, with pieces of lath nailed along the edge of the window to hold them tight against the jamb, and there was a newspaper over the glass in the grade door.

The outside doors did not show any evidence of having been forced open. The fire was clearly incendiary, as evidenced by the gasoline and oils discovered by the firemen when they entered the building.

Plaintiff denied any knowledge of the presence of the gasoline in the house.

Counsel for plaintiff claim that the mentioned circumstances were not sufficient to justify an inference that plaintiff set the fire or caused it to be set, and asked the court so to instruct the jury.

We think the evidence was sufficient to go to the jury.

The court refused the following requested instruction:

"I charge you that the defendant insurance company's theory of defense cannot be said to be established by testimony of circumstantial character as submitted in this case, unless the circumstances shown by such testimony are found by you not only to be consistent with the defendant's theory of defense but also absolutely inconsistent with any other rational explanation of the means by which the fire was caused."

That form of instruction, in some jurisdictions, has been given in criminal cases but goes beyond the rule in civil cases. If the evidence was of a character to produce moral certainty, in an open and fair mind, supporting defendant's claim and excluding any other reasonable theory, then it was sufficient to go to the jury.

The evidence disclosed sufficient facts to warrant the drawing of the reasonable inference that plaintiff was fully aware of the cause and the occasion for the fire, which was incendiary in origin and purpose. The evidence in support of the special defense was circumstantial; that is, of facts and circumstances connected with the fire showing that it was incendiary and reasons for connecting plaintiff with its setting, and the jury could, to a moral certainty, draw the reasonable inference that if plaintiff did not set the fire he was an accessory before the fact.

Plaintiff alleges error in the following extract from the instruction of the court:

"Opportunity, plus motive, is the test by which you will determine the question as to circumstantial evidence."

This extract, standing alone, is somewhat meaningless but, giving it one construction, and possibly

a fair one, was erroneous; however, considered with the context, the error, if any, does not call for reversal.

The full instruction on this subject was as follows:

"I charge you the burden of proof in this case rests upon the defendant, and that unless you and each of you find that the defendant, by a fair preponderance of the evidence, has proved that the plaintiff set or caused to be set the fire that caused the plaintiff's damage, that it is your duty to bring in a verdict in favor of the plaintiff.

"I charge you that the mere proof that plaintiff had an opportunity to cause the fire, and that he owned an insurance policy upon the property that was destroyed, does not in itself constitute proof that he set or caused the fire to be set that occurred.

"Opportunity, plus motive, is the test by which you will determine the question as to circumstantial evidence. Motive must be found from the facts and circumstances of the case, and can be inferred from what you find in accordance with the appearance, which I will explain to you a little more as I go along.

"The defendant claims that the plaintiff, Sam Cipriano, had a guilty connection with the origin of this fire, and was responsible in the preparation of the premises for the burning, and for the fraudulent purpose of collecting money under the insurance policy issued to him. * * *

"Circumstantial evidence, or facts that may be inferred from proven circumstances, may be considered in civil as well as in criminal cases. It is entitled to your consideration and should be given such weight as you may see fit to give it. And it is your province to determine the comparative value of the circumstantial and the direct evidence after considering all the facts. * * *

"I charge you that if you find the defendant has established its affirmative defense by preponderance

of the evidence, whether such evidence be direct or circumstantial, your verdict would be in favor of the defendant of no cause of action.''

We find the verdict and judgment supported by the evidence and the law applicable to the case, and we cannot hold the verdict and judgment contrary to the great weight of the evidence.

Plaintiff's contention that an enemy had set the fire is rebutted by the disclosed facts and circumstances showing a preparation wholly inconsistent with acts of an outsider.

We find no reversible error and the judgment is affirmed, with costs to defendant.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.