COURTURIER v HEIDELBERGER DRUCKMASCHINEN, AG

Docket No. 61893. Submitted March 2, 1983, at Grand Rapids.—
Decided September 26, 1983.

Harold A. Courturier injured his hand in a printing press manu-
factured by Heidelberger Druckmaschinen, A.G., and distrib-
uted by Heidelberg Eastern, Inc., both of which were named as
defendants in a products liability action brought by Courturier
and tried on the theory of breach of implied warranty. The case
was submitted to the jury on a special verdict form. The jury's
answers to the questions posed indicated that there was a
breach of implied warranty which was a proximate cause of the
injury and also that the plaintiff's misuse of the product was
the sole proximate cause of the injury. The Isabella Circuit
Court, Paul F. O'Connell, J., entered a judgment of no cause of
action in favor of the defendants. Plaintiff sought a new trial,
which was denied, and then appealed. *Held:*

1. The two answers on the jury form were unambiguously
inconsistent and were not resolved prior to the discharge of the
jury. A trial court may correct errors of a jury verdict in order
to make it conform to the jury's intention only where that
intent is ascertainable in spite of the verdict's ambiguities. In
this case the jury's intent was not readily ascertainable. A new
trial should have been granted.

2. At the new trial the comparative negligence provisions of
the products liability statute, enacted subsequent to plaintiff's
injury, shall apply. The "misuse of product" defense is no
longer viable except in the context of comparative negligence.

Reversed and remanded.

1. Jury — Jury Verdict — Inconsistent Verdict.

A trial court may amend a verdict, correcting manifest errors of
form, and sometimes matters of substance, in order to make

References for Points in Headnotes
[1] 76 Am Jur 2d, Trial § 1208.
[2] Am Jur 2d New Topic Service, Comparative Negligence §§ 1, 33.
63 Am Jur 2d, Products Liability § 32.5.
Application of comparative negligence doctrine to actions based on
strict liability in tort. 9 ALR4th 633.

the verdict conform to the intention of the jury where the jury's intent is ascertainable in spite of ambiguities in the verdict; where, however, answers on a special jury form are unambiguously inconsistent and are not resolved prior to the jury's discharge a new trial must be ordered.

2. Products Liability — Negligence — Comparative Negligence.
The principle of comparative negligence, which provides that damages sustained by a plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff, applies in a products liability action irrespective of the fact that the plaintiff is injured because of the breach of an implied warranty (MCL 600.2949; MSA 27A.2949).

*Cicinelli, Mossner, Majoros & Alexander, P.C.* (by *Eugene D. Mossner* and *Paul L. LaClair)*, for plaintiff.

*Tolley, Fisher & Verwys, P.C.* (by *Peter R. Tolley* and *Michael C. Walton)*, for defendant Heidelberger Druckmaschinen, A.G.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather)*, for defendant Heidelberg Eastern, Inc.

Before: Danhof, P.J., and D. F. Walsh and J. C. Kingsley,* JJ.

J. C. Kingsley, J. Plaintiff appeals as of right from a judgment of no cause of action on his products liability claim for personal injuries. The claim arose from injuries which the plaintiff suffered when his hand was caught in the rollers of a printing press manufactured by defendant Heidelberger Druckmaschinen and distributed by defendant Heidelberg Eastern.

Plaintiff's complaint as originally filed alleged negligence and breach of implied warranty by the defendants. Prior to the commencement of trial,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

however, the negligence count was withdrawn by the plaintiff, and the matter proceeded with only the breach of implied warranty claim at issue.

Essentially, it was plaintiff's claim that the press was defective because of a lack of adequate safety devices on the machine. Plaintiff alleged that the press should have been designed and constructed with some form of safety guard to keep his hands from being placed near the rollers and that the press should have had an emergency shutoff switch near the point of injury. As a result, the plaintiff claimed the press was not reasonably fit for the purposes and uses intended or reasonably foreseeable.

The defendants alleged the defense of misuse or abuse of the product, claiming the plaintiff was negligent in attempting to clean the rollers by pressing a sludge basin from which the rubber blade had come loose directly against the moving roller with his hand. Both before and during the trial plaintiff made a number of motions to have this defense stricken, claiming it was actually the defense of contributory negligence and thus not applicable to a breach of implied warranty action. *Vincent v Allen Bradley Co,* 95 Mich App 426; 291 NW2d 66 (1980). The trial judge denied all of the motions, and the matter was tried to completion with the plaintiff's alleged misuse or abuse of the press being presented to the jury.

At the conclusion of the instructions, the trial judge submitted the case to the jury pursuant to a special verdict form which the plaintiff had not approved and to which the following answers were given:

"*Question No. 1:* Did the defendant's *[sic]* breach their implied warranty on the Heidelberg offset printing press when it was manufactured and sold?

"*Answer:*   yes   (yes or no)

"If your answer is 'no', do not answer any further questions.

"*Question No. 2:* Was the breach of implied warranty a proximate cause of the plaintiff's injury?

"*Answer:*   yes   (Yes or No)

"If your answer is 'no', do not answer any further questions.

"*Question No. 3:* Did the plaintiff misuse the printing press?

"*Answer:*   yes   (Yes or No)

*Question No. 4:* Was the plaintiff's misuse of the printing press the sole proximate cause of his injury?

"*Answer:*   yes   (Yes or No)

"If your answer is 'yes', do not answer any further questions.

"*Question No. 5:* What is the amount of plaintiff's damages?

"*Answer:* $ _____ (Amount)."

After the jury returned said verdict, the members were discharged without further instructions or deliberations. Each party then submitted to the court a proposed judgment in accordance with the verdict as they perceived that verdict. Plaintiff submitted a judgment finding liability but requiring a new trial on damages, claiming the answer that defendants' negligence was a proximate cause entitled the plaintiff to damages. Defendants submitted a judgment of no liability, claiming the answer that plaintiff's negligence was the sole proximate cause amounted to a determination that plaintiff had no cause of action. The trial judge agreed with defendants and entered a judgment of no cause of action. Plaintiff's motion for a new trial was denied.

The trial judge relied on the case of *Rabior v*

*Kelley,* 194 Mich 107; 160 NW 392 (1916), in resolving the inconsistency in the jury's verdict. In *Rabior,* the Court stated that "where the intention of the jury is ascertainable the court may amend the verdict, correcting manifest errors of form, and sometimes matters of substance, to make it conform to the intention of the jury". 194 Mich 117. The verdict in that case assessed damages of $400 for injured feelings and $100 for malice. The Supreme Court determined that the intention of the jury was ascertainable, and that the trial judge's total award of $500 for injured feelings was proper.

We do not believe the *Rabior* decision is applicable to the case at bar because its application is limited to cases in which the jury's intent is ascertainable in spite of ambiguities in its verdict. In the case at bar, two answers to questions on the special verdict form unambiguously conflicted with one another. The "ambiguity" could only be resolved by ignoring one of the answers.

Faced with inconsistent verdicts as to separate parties, the Supreme Court ordered a new trial in *Bias v Ausbury,* 369 Mich 378; 120 NW2d 233 (1963). We believe that the same remedy must be used where answers on a special verdict form are unambiguously inconsistent and are not resolved prior to the jury's discharge. We are therefore persuaded that the decision of the trial judge denying a new trial must be reversed and a new trial granted in which all issues, including that of comparative negligence, shall be considered.

This conclusion is further supported by the recent decision of the Michigan Supreme Court in the case of *Karl v Bryant Air Conditioning Co,* 416 Mich 558; 331 NW2d 456 (1982).

"Thus, we hold that the comparative negligence prin-

ciple adopted in MCL 600.2949; MSA 27A.2949 dictates that 'damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff' irrespective of the fact that a plaintiff is injured by the breach of an implied warranty." 416 Mich 569.

In reaching this holding, the Supreme Court pointed out that the legislation applied to " 'all products liability actions * * * based on *any* legal or equitable theory of liability' ". 416 Mich 568. (Emphasis in *Karl*).

The injury in the case at bar occurred on December 3, 1971, the complaint was filed on November 24, 1974, and the trial commenced on May 11, 1981. The Supreme Court addressed the retroactivity of the "comparative negligence principle" as follows:

"Moreover, our interpretation of Michigan law leads us to hold that MCL 600.2949; MSA 27A.2949 can be applied in a case where the implied warranty action accrues and is sued upon prior to the enactment of the provision and is brought to trial after the effective date of that provision." 416 Mich 580.

The Michigan products liability statute, MCL 600.2945 *et seq.;* MSA 27A.2945 *et seq.,* was enacted on December 13, 1978, and given immediate effect. Thus, the sequence of events referred to in the *Karl* decision exists in the case at bar, to-wit: injury and commencement of suit prior to the enactment of the products liability statute and trial after the effective date of the legislation.

The plaintiff urges that the decision of the Michigan Supreme Court in the case of *Barefield v LaSalle Coca-Cola Bottling Co,* 370 Mich 1; 120 NW2d 786 (1963), cited frequently for the proposi-

tion that misuse or abuse of a product may be a defense to a breach of warranty action, is "an anomaly in the law" and "was decided wrongly". We do not believe that the same dispute over the issue of misuse will arise again.

On retrial, the comparative negligence provisions of the products liability statute shall apply. We will not speculate on their effect on the facts of the case at bar, except to state that the misuse defense, to the extent that it served as a substitute for contributory negligence in implied warranty cases, is a thing of the past. To the extent that misuse of a product is used to negate a plaintiff's claim that a product was used properly in a foreseeable manner, it remains viable in the context of comparative negligence.

Reversed and remanded for a new trial. No costs, neither party having prevailed in full.