JOHNSON v AUTO-OWNERS INSURANCE GROUP

Docket No. 142247. Submitted October 5, 1993, at Grand Rapids.
Decided November 16, 1993, at 9:15 A.M. Leave to appeal
sought.

Steven H. Johnson brought an action in the Montcalm Circuit
Court against Auto-Owners Insurance Group, seeking recovery
under a homeowner's policy for fire loss to his house. Following
a jury trial at which arson was raised as a defense, the jury
returned a verdict that awarded the plaintiff half of the dam-
ages claimed. The verdict form had instructed the jury to
consider damages if it determined that the plaintiff did not
have a motive to set the fire, an opportunity to set the fire, or a
guilty connection with the fire. The jury had indicated on the
verdict form that the plaintiff had opportunity to set the fire
and a guilty connection with the fire, but that he did not have
a motive to set the fire. The court, James K. Nichols, J.,
entered a judgment that was consistent with the verdict and
denied the parties' motions for judgment notwithstanding the
verdict or new trial. The plaintiff appealed and the defendant
cross appealed.

The Court of Appeals *held:*

Arson, as a defense to a claim under a fire insurance policy,
may be proved by circumstantial evidence. Where such a
defense is raised, the dispositive determination is whether the
plaintiff set the fire or caused it to be set. Case law does not
hold that motive and access or opportunity are mandatory
elements of circumstantial proof of arson.

In this case, given the jury's finding that the plaintiff had a
guilty connection with the fire and given the erroneous verdict
form that compelled an award of damages despite that finding,
the verdict must be amended to conform it with the jury's true
intention: defendant proved its arson defense by a preponder-
ance of the evidence.

Reversed and remanded for entry of judgment in favor of the
defendant.

REFERENCES

Am Jur 2d, Insurance § 493.
See ALR Index under Fire Insurance and Insurance Companies.

INSURANCE — FIRE INSURANCE — ARSON.
>    Arson, as a defense to a claim of loss under a fire insurance
>    policy, may be established by circumstantial evidence that the
>    insured set the fire or caused the fire to be set.

*Thomas A. Geelhoed,* for the plaintiff.

*Denfield, Timmer, Jamo & O'Leary* (by *James S. O'Leary*), for the defendant.

Before: FITZGERALD, P.J., and REILLY and P. R. JOSLYN,* JJ.

PER CURIAM. Plaintiff appeals as of right the judgment entered on a jury verdict awarding him $82,266 pursuant to his homeowner's insurance policy with defendant. Defendant cross appeals from the same judgment.

On February 24, 1989, plaintiff's house and its contents were completely destroyed by a fire that the parties agree was caused by arson. At the time of the fire, plaintiff was insured against fire loss by defendant.

Defendant alleged the defense of arson, claiming that plaintiff set the fire or arranged to have the fire set.

At the conclusion of the instructions, the trial judge submitted the case to the jury pursuant to a special verdict form drafted by both parties and the trial court. On the form, the jury gave the following answers:

>    Do you find by a preponderance of the evidence
>    each of the following elements:
>    Yes _____ No __X__ That plaintiff had a
>    motive to set the fire.
>    Yes __X__ No _____ That plaintiff had an
>    opportunity to set the fire.

* Circuit judge, sitting on the Court of Appeals by assignment.

Yes __X__ No _____ That plaintiff had a guilty connection with the fire.

If you've answered YES to all of the above, proceed no further.

If you've answered NO to any question, proceed to the next question. [Damages.]

Notwithstanding a finding that plaintiff had a guilty connection with the fire, the jury awarded plaintiff one-half of his claimed damages. Plaintiff moved for judgment notwithstanding the verdict, claiming that the jury's finding that liability existed required the jury to award him damages based on his uncontroverted evidence of damages. In the alternative, plaintiff requested a new trial on the issue of damages. Defendant also moved for judgment notwithstanding the verdict, claiming the answer that plaintiff had a guilty connection to the fire amounted to a determination that defendant proved its arson defense by a preponderance of the evidence. Defendant also moved for a new trial. Both parties' motions were denied.

Arson, as a defense to an insurance company's liability under a fire insurance policy, may be proved by circumstantial evidence. *Peterson v Oceana Circuit Judge,* 243 Mich 215, 217; 219 NW 934 (1928). Where an arson defense is raised by an insurer, the dispositive determination is whether the plaintiff set the fire or caused it to be set. *George v Travelers Indemnity Co,* 81 Mich App 106, 112; 265 NW2d 59 (1978). Motive and opportunity are merely two factors to be considered in such a determination. See, e.g., *United Gratiot Furniture Mart, Inc v Michigan Basic Property Ins Ass'n,* 159 Mich App 94, 105; 406 NW2d 239 (1987). Case law does not suggest that motive and access or opportunity are *mandatory* elements of circumstantial proof of the arson defense. See *O-So*

*Detroit, Inc v Home Ins Co,* 973 F2d 498, 502 (CA 6, 1992).[1]

The instructions and verdict form used in this case clearly stated that defendant must prove by a preponderance of the evidence that plaintiff had both a motive and an opportunity to set the fire, as well as a guilty connection with the setting of the fire, to invoke the arson defense. We conclude that requiring defendant to prove arson by motive and opportunity is legally erroneous.[2]

Where the intention of the jury is ascertainable despite ambiguities in its verdict, the court may amend the verdict, correcting manifest errors of form, and sometimes matters of substance, to make it conform to the intention of the jury. *Courturier v Heidelberger Druckmaschinen, AG,* 129 Mich App 46, 50; 341 NW2d 226 (1983). Here, it is apparent that the jury awarded damages solely because the verdict form instructed them to do so if motive or opportunity was not proven by a preponderance of the evidence. The jury's finding that defendant had a guilty connection with the fire is clear from the verdict form, and this finding has not been challenged on appeal. We are therefore persuaded that the verdict form must be amended to reflect the true intention of the jury— that is, that defendant proved its arson defense by a preponderance of the evidence. Thus, a judgment in favor of defendant must be entered.

In light of our resolution of this matter, we need

---

[1] In *Cipriano v Mercantile Ins Co of America,* 284 Mich 346, 350-351; 279 NW 855 (1938), the Court, when asked to consider the propriety of an arson instruction that stated, "[o]pportunity, plus motive, is the test by which you will determine the question as to circumstantial evidence [of arson]," found the instruction to be erroneous.

[2] The inconsistency in the jury's verdict stems from this misstatement of the law, which resulted in the jury being required to award plaintiff damages despite its finding that plaintiff set or arranged the fire.

not address the remainder of the issues raised on appeal or the issues raised on cross appeal.

Reversed. Remanded to the trial court for entry of a judgment in favor of defendant.