# STATE OF MICHIGAN

# COURT OF APPEALS

RANDALL NICK,

        Plaintiff-Appellant,

v

GRANGE INSURANCE COMPANY OF
MICHIGAN,

        Defendant-Appellee,

and

BANK OF AMERICA,

        Defendant.

UNPUBLISHED
November 4, 2014

No. 317136
Shiawassee Circuit Court
LC No. 11-001676-CK

Before: METER, P.J., and WHITBECK and RIORDAN, JJ.

PER CURIAM.

Plaintiff, Randall Nick, appeals as of right the trial court order entering no cause of action following a jury trial against defendant, Grange Insurance Company of Michigan. We affirm.

## I. JURY'S VERDICT

Plaintiff sought payment under the terms of an insurance policy for a fire at his residence. In response, defendant asserted the affirmative defense of false swearing, misrepresentation, and arson. The trial court instructed the jury regarding defendant's affirmative defense as follows:

> . . . In this case however, there's no doubt that Plaintiff's basic claim is proven. The focus is upon Defendant, which has presented a response in the form of an Affirmative Defense of false swearing, misrepresentation, and arson. An Affirmative Defense is what a Defendant is required to prove in order to succeed.

> The Defendant has the burden of proof regarding its Affirmative Defense of false swearing, misrepresentation and arson. The Plaintiff, however, always has the burden of proving his damages. That is the dollar amount of his proven losses, if a judgment is to be granted in a particular case.

-1-

The jury will reach the question of damages if and only if the Defendant's Affirmative Defenses are not proven. . . .

The first two questions on the verdict form asked the following: (1) "Did the Plaintiff intentionally conceal or misrepresent any material fact or circumstance, or engage in fraudulent conduct, or make a materially false statement?"; and (2) "Was the fire that resulted in the loss at issue in this case incendiary and did the Plaintiff either intentionally set the fire or cause it to be set?" The verdict form instructed: "If you answered 'yes' to question 1 or 2, or both, stop. You have finished your deliberations. If you answered 'no' to both question 1 and 2, you must continue to the next question." Question (3) pertained to a calculation of plaintiff's damages.

When the jury returned its verdict, it answered "yes" to question (1) that plaintiff engaged in fraud, but "no" to question (2) regarding plaintiff intentionally setting the fire. When the foreperson continued reading the verdict, the trial court interrupted. The trial court then conferred with the parties and reread the instructions to the jury. The following exchange then occurred:

> *Trial court*: So I won't ask you if you've answered and what your answer is to question three, but those are the instructions. So if you want to pow-wow with your fellow jurors and see if you want to do any further deliberations, then I think this would be the time to do that.
>
> *Jury foreperson*: So maybe I'm not clear, Judge.
>
> *Trial court*: And you answered yes to question one, and to follow these instructions, and then that would be the end of your deliberations and verdict.
>
> *Jury foreperson*: Okay. Maybe we should – can we reconvene and kind of go through this thing again?

Defendant argued that the jury could not award damages, and the trial court responded:

> That's why I stopped them from answering question number three. But it's also clear from the jury foreman that they interpreted the instructions after question two differently, and that's why I asked if you want to pow-wow with the rest of your jurors. So you know, we have a problem with the jury literally following or understanding the instructions on the verdict form. I think that's quite clear. So what to do with that is the next question.

Ultimately, the trial court recalled the jury and polled it. The jurors unanimously responded that the reported verdict was and is their verdict. The trial court discharged the jury, finding no cause of action.

While plaintiff filed a motion for a new trial, the trial court denied the motion. The court concluded that the verdict was not inconsistent. Plaintiff now appeals, claiming that a new trial should have been ordered.

## II. VERDICT

-2-

## A. STANDARD OF REVIEW

Plaintiff contends that the trial court failed to ascertain the jury's intent, and erred in amending the jury verdict after polling. "We review for an abuse of discretion a trial court's denial of a motion for new trial." *Allard v State Farm Ins Co*, 271 Mich App 394, 406; 722 NW2d 268 (2006). An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes. *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006).

## B. ANALYSIS

Plaintiff's claim that the jury's verdict was irreconcilably inconsistent, and justified a new trial, is without merit.

"If a verdict appears inconsistent, a court must make every effort to reconcile the seemingly inconsistent verdicts. A new trial may not be granted if an interpretation of the evidence logically explains the jury's findings." *Kelly v Builders Square, Inc*, 465 Mich 29, 41; 632 NW2d 912 (2001) (emphasis omitted) (quotations marks and citation omitted). In other words, a jury's verdict "must be upheld, even if it is arguably inconsistent, if there is an interpretation of the evidence that provides a logical explanation for the findings of the jury. Every attempt must be made to harmonize a jury's verdicts. Only where verdicts are so logically and legally inconsistent that they cannot be reconciled will they be set aside." *Allard*, 271 Mich App at 407 (quotation marks and citation omitted); see also *Local Emergency Fin Assistance Loan Bd v Blackwell*, 299 Mich App 727, 738-739; 832 NW2d 401 (2013). Using the appropriate amount of care, the trial court must look "beyond the legal principles underlying the plaintiff's causes of action, at how those principles were argued and applied in the context of this specific case." *Bean v Directions Unlimited, Inc*, 462 Mich 24, 31-32; 609 NW2d 567 (2000) (quotation marks and citation omitted).

In the instant case, there was a logical explanation for the seemingly inconsistent verdict. It became clear after the trial court's questioning that any inconsistency was merely a result of the jury misunderstanding how to proceed through the verdict form. The jury's ultimate verdict was clear: while plaintiff did not deliberately set the fire, he did engage in fraudulent conduct. Although the jury continued to find the amount of property loss, that calculation was merely surplusage. See *Ass'n Research & Dev Corp v CNA Fin Corp*, 123 Mich App 162, 167; 333 NW2d 206 (1983) ("Where a verdict is defective because it contains mere surplusage the court may remedy the problem by deleting the surplusage from the final judgment.").

Plaintiff, however, persists that rather than polling, the court should have allowed the jury to redeliberate. However, further deliberation would have served no purpose after the trial court ascertained the jury's unanimous finding regarding questions (1) and (2). "Where the intention of the jury is ascertainable despite ambiguities in its verdict, the court may amend the verdict, correcting manifest errors of form, and sometimes matters of substance, to make it conform to the intention of the jury." *Johnson v Auto-Owners Ins Group*, 202 Mich App 525, 528; 509 NW2d 538 (1993). After the court's questioning and polling of the jury, the jury's intent became clear, and was logically explained. *Kelly*, 465 Mich at 41.

Moreover, MCR 2.514(B) provides that a party may require a poll of the jury. "[T]he purpose of the rule is furthered by allowing a jury to resume deliberations when the record indicates that the jury might be confused." *Put v FKI Indus, Inc*, 222 Mich App 565, 570; 564 NW2d 184 (1997). However, the confusion in this case stemmed from the jury's reading of the verdict form, not the substance of the claim and defenses. Because polling sufficiently revealed the jury's intent, MCR 2.514(B) would not have been served through further deliberation.

Lastly, plaintiff contends that he should be awarded a new trial under MCR 2.611(A)(1).[1] However, this Court recently recognized that the Michigan Court Rules "do not provide an avenue to a new trial based on an inconsistency or incongruity in the jury's conclusions." *Zaremba Equip, Inc v Harco Nat Ins Co*, 302 Mich App 7, 29; 837 NW2d 686 (2013). Moreover, for the reasons discussed *supra*, a new trial is not warranted.

## III. CONCLUSION

Because the trial court properly ascertained the jury's intent in support of its verdict, we find no basis for reversal. We affirm.

/s/ Patrick M. Meter
/s/ William C. Whitbeck
/s/ Michael J. Riordan

---

[1] This court rule provides:

> (1) A new trial may be granted to all or some of the parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:
>
> (a) Irregularity in the proceedings of the court, jury, or prevailing party, or an order of the court or abuse of discretion which denied the moving party a fair trial.